# UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-4826

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RON CHRISTOPHER WHITLEY,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, District Judge. (5:16-cr-00256-D-1)

Submitted: June 25, 2019                    Decided: July 16, 2019

Before AGEE and KEENAN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Jennifer C. Leisten, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Nick J. Miller, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ron Christopher Whitley appeals the 156-month sentence imposed following his guilty plea to three counts of distribution and possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1) (2012). Whitley argues that this sentence—which resulted from the imposition of an upward departure—is substantively unreasonable. We affirm.

We review a sentence, "whether inside, just outside, or significantly outside the [Sentencing] Guidelines range," for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This standard encompasses review for both procedural and substantive reasonableness. *United States v. Howard*, 773 F.3d 519, 528 (4th Cir. 2014). In assessing procedural reasonableness, we consider whether the district court improperly calculated the Guidelines range, insufficiently considered the 18 U.S.C. § 3553(a) (2012) sentencing factors, or inadequately explained the sentence imposed. *Gall*, 552 U.S. at 51.

In assessing the substantive reasonableness of the district court's upward departure, we must "consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Washington*, 743 F.3d 938, 944 (4th Cir. 2014) (internal quotation marks omitted). "The farther the court diverges from the advisory [G]uideline[s] range, the more compelling the reasons for the divergence must be." *United States v. Tucker*, 473 F.3d 556, 561 (4th Cir. 2007) (internal quotation marks omitted). This court, however, must "give due deference to the district court's decision that the

§ 3553(a) factors, on a whole, justify the extent of the variance." *United States v. Zuk*, 874 F.3d 398, 409 (4th Cir. 2017) (internal quotation marks omitted). "[E]ven though we might reasonably conclude that a different sentence is appropriate, that conclusion, standing alone, is an insufficient basis to vacate the district court's chosen sentence." *Id.* (internal quotation marks, ellipsis, and alterations omitted).

The Sentencing Guidelines permit an upward departure based on the inadequacy of a defendant's criminal history category "[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S. Sentencing Guidelines Manual § 4A1.3(a)(1), p.s. (2016). Relevant considerations include prior sentences not used in computing the defendant's criminal history category, prior sentences of substantially more than one year imposed as a result of independent crimes committed on different occasions, the nature of the defendant's prior offenses, and his likelihood of recidivism in light of prior lenient treatment he received. *See* USSG § 4A1.3(a)(2), cmt. n.2(B) & background, p.s. A court may properly base a USSG § 4A1.3(a), p.s., departure on prior convictions too old to be counted in calculating the defendant's criminal history. *Howard*, 773 F.3d at 529; *see* USSG § 4A1.2(e) (describing applicable time period for calculating prior sentences).

Whitley argues that the district court imposed a substantively unreasonable sentence because it focused exclusively on his prior criminal record and failed to consider other relevant sentencing considerations. He contends that his offense conduct is insufficient to place him in the worst .4 percent of drug traffickers who received an upward departure,

thereby creating unwarranted disparities with similarly situated defendants. He also asserts that the district court's reasoning for departing upward was insufficient to support the sentence imposed.

We reject these arguments. Whitley's criminal history generated eight criminal history points-including six points for two prior federal drug conspiracy convictions-and included several additional, unscored prior convictions that demonstrated a pattern of criminal conduct in Whitley's life beginning at age 17 that was largely unabated throughout his adult life, despite lenient treatment by both the state courts and the federal court. Although Whitley argued he was a "street level" rather than a "big time" dealer, even he conceded the repetitiveness of his behavior and acknowledged that his behavior had not changed despite promising it would in his prior sentencings in federal court. These factors easily support the district court's conclusion that Whitley's criminal history category substantially underrepresented his criminal history and likelihood of committing similar crimes in the future.

Whitley argues that only approximately .4 percent of drug trafficking offenders receive upward departure sentences, and that the nature and circumstances of his run-of-the-mill offense conduct—which involved 21.7 grams of heroin—do not place him within these "worst of the worst" among drug offenders. Whitley, however, provides nothing to suggest or show that other drug offenders are similarly situated. Further, as the district court recognized, Whitley was a "committed" drug trafficker, whose trafficking activity continued despite conviction and lenient sentencing and through his release from imprisonment. In light of his history, the district court's significant concern for Whitley's

4

likelihood of recidivism and the need to deter future misconduct, to promote respect for the law, to provide just punishment, and to protect the public was well-taken, notwithstanding the drug amount for which Whitley was held accountable.

Further, this court has recognized that a district court may abuse its discretion by placing undue emphasis on a single sentencing factor that is "only tangentially connected" to the defendant's criminal conduct and at the expense of other relevant factors. *Zuk*, 874 F.3d at 410. Here, however, the district court explained why it concluded that a sentence within the original Guidelines range was not appropriate, making plain it had considered not only the argument made by counsel for the Government but also Whitley's allocution and the arguments in mitigation made by his counsel; the court also appears to have credited Whitley's arguments about his behavior within the Bureau of Prisons in declining to depart to the 162-month sentence requested by the Government. Given the myriad of aggravating and mitigating factors presented by the parties, the district court acted within its discretion in imposing the 156-month upward departure sentence in this case. *Cf. United States v. McCoy*, 804 F.3d 349, 352 (4th Cir. 2015) (upholding upward departure and collecting cases upholding 239-month and 166-month upward departures based on defendant's criminal histories).

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately before this court and argument would not aid the decisional process.

*AFFIRMED*

5